NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT RUBEN ORNELAS, AKA
rrocorp2003, AKA rrocorp@earthlink.net,

Defendant - Appellant.

No. 23-1059

D.C. No.
8:14-cr-00183-CJC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted August 13, 2025
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Defendant-Appellant Robert Ornelas was convicted by a jury of multiple child

sex abuse and child pornography offenses and was sentenced to 2,280 months of

imprisonment. He appeals the district court's denial of his motion for a new trial and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

his request for additional discovery. We affirm.[1]

**1.** *Motion for a New Trial.* Ornelas argues that he was entitled to a new trial because the Government failed to comply with its discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). We review a district court's denial of a new trial motion based on *Brady* violations de novo. *See United States v. Moalin*, 973 F.3d 977, 1001–02 (9th Cir. 2020). "To establish a *Brady/Giglio* claim, a defendant must show that: (1) the evidence at issue would have been favorable to the accused, either because it was exculpatory or impeaching; (2) it was suppressed by the prosecution, either willfully or inadvertently; and (3) it was material." *Hart v. Broomfield*, 97 F.4th 644, 654 (9th Cir. 2024) (citation omitted). "Evidence is material within the meaning of *Brady* 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* (citation omitted). Here, the evidence at issue was "not material under *Brady*" so we need not address the "other elements" of this claim. *Id.* (citing *Turner v. United States*, 582 U.S. 313,

---

[1]The Government moved to expand the record with an attorney declaration explaining that it fully complied with Ornelas's discovery requests. Because the Government has not demonstrated why it could not have filed this declaration in the district court and because the record provides a sufficient basis on which to affirm the district court, we deny the motion. *See Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211, 1213 (9th Cir. 1989) (declining to supplement the record in the absence of an explanation of why the new evidence could not have been presented earlier); *Rudin v. Myles*, 781 F.3d 1043, 1057 n.18 (9th Cir. 2015).

323−24 (2017)).

Ornelas argues that at least two types of evidence would have impacted the outcome of his trial: (1) evidence showing that Agent Perez had animus towards sex offenders such that he was motivated to plant evidence against Ornelas, and (2) evidence that Agent Perez had "significant mental disturbance or ambivalence" such that the "care with which the investigation was undertaken" could be challenged. Ornelas's contentions are entirely speculative, and mere speculation cannot support a *Brady* claim. *See Runningeagle v. Ryan*, 686 F.3d 758, 769−70 (9th Cir. 2012). There is no evidence indicating that Agent Perez had any animus or that he engaged in unethical investigation tactics. Nor is there any evidence that Agent Perez had a "significant mental disturbance" when he participated in the search of Ornelas's residence in 2013. And Ornelas's argument that the child pornography may have been transported to the United States by someone other than himself also has nothing to do with his contentions related to Agent Perez.

Additionally, Ornelas's arguments are unpersuasive given the weight of evidence presented against him at trial, including direct victim testimony and unlawful child sex abuse material that was indisputably connected to him, among other evidence. *See United States v. Bruce*, 984 F.3d 884, 898 (9th Cir. 2021) ("We evaluate the trial as a whole to determine whether the 'admission of the suppressed evidence would have created a reasonable probability of a different result.'" (citation

omitted)); *Sivak v. Hardison*, 658 F.3d 898, 911–12 (9th Cir. 2011) ("A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." (citation omitted)). In sum, we conclude Ornelas cannot demonstrate that there is a reasonable probability the outcome would have been different had the suppressed evidence related to Agent Perez been disclosed to the defense.

2.    ***Discovery Requests.*** Ornelas contends that the district court abused its discretion by refusing to order the Government to comply with his specific discovery demands for evidence of Agent Perez's alleged exit interview and "medical, psychiatric, or substance abuse that could [have] impact[ed] the performance of his duties." To reverse a conviction based on the lack of discovery, we must conclude that the district court's handing of discovery "resulted in prejudice to [Ornelas's] substantial rights" such that "there is 'a likelihood that the verdict would have been different had the [G]overnment complied with the discovery rules.'" *United States v. Soto-Zuniga*, 837 F.3d 992, 998 (citation omitted).

Here, there was no discovery violation because there is no indication in the evidence Ornelas sought exists and was suppressed. The district court was entitled to rely on the Government's representations that it would comply with its discovery obligations. *See United States v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992). But even if there were a discovery violation, Ornelas has not demonstrated that it would have impacted the verdict. *See United States v. Alvarez*, 358 F.3d 1194, 1210 (9th

Cir. 2004) (holding that if a defendant does not establish that production of discovery "would have been likely to affect the outcome of the trial, any error is harmless"). Given the overwhelming evidence presented at trial and Agent Perez's limited role in the investigation, it is inconceivable that evidence of the agent's medical history and alleged attempt to quit his job would have led to a different outcome. *See, e.g.*, *Branch v. Umphenour*, 936 F.3d 994, 1005 (9th Cir. 2019) ("The trial court's 'decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" (citation omitted)).

**AFFIRMED.**